IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ALLEN TEER <br> (BOP Register No. 23404-078), <br><br> Petitioner, <br><br> V. <br><br> K. ZOOK, Warden, <br><br> Respondent. | § § § § § § § § § § § § <br><br> No. 3:20-cv-735-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Allen Teer, a federal prisoner, incarcerated at a Bureau of Prisoners ("BOP") facility in this district but convicted of receipt of child pornography in the Eastern District of Texas, *see United States v. Teer*, No. 4:15-CV-00176-MAC-CAN (E.D. Tex. 2017), filed a *pro se* 28 U.S.C. § 2241 habeas petition, asserting that, considering 18 U.S.C. § 3624(c)(2), as amended by the First Step Act of 2018, and BOP Program Statement 7320.01, the BOP, "by failing to consider his petition for direct home confinement placement," "deprived [him] of his due process under the law," Dkt. No. 3 at 6; *see also id.* at 7 (requesting as relief that "the Court enjoin the [BOP] to properly consider [his] request for immediate consideration of home confinement" and "place [him] on home confinement upon [his] release").

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the habeas petition with prejudice.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence,'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). And a prisoner's challenge "to his ineligibility for placement in ... less restrictive confinement designed to prepare a prisoner for reentry into society affect[s] the execution of his sentence" and therefore "may be raised under § 2241." *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-17 (5th Cir. 1998); *Cleto*, 956 F.2d at 84, and vacating district court's dismissal, for lack of subject matter jurisdiction, of a habeas petition raising such a claim).

> "[T]hree statutes govern the *discretion* of the [BOP] to place inmates in particular facilities: 18 U.S.C. § 3621(b) grants the BOP the authority to designate places of confinement; 18 U.S.C. § 3624 (a part of the Second Chance Act of 2007) authorizes the BOP to provide post-imprisonment rehabilitation services in community corrections facilities; and 34 U.S.C. § 60541 (a part of the First Step Act of 2018) permits the BOP to grant prisoners who participate in reentry and skills development programs the maximum allowable period in a community corrections facilities. It also allows the BOP to place elderly prisoners in home confinement."

*Ward v. Bureau of Prisons*, No. 3:19-cv-770-D-BN, 2019 WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (quoting *Burg v. Nicklin*, No. EP-19-CV-24-FM, 2019 WL 369153, at *2 (W.D. Tex. Jan. 29, 2019); emphasis in *Burg*), *rec. adopted*, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019).

While the Second Chance Act and the First Step Act expand the

> BOP's authority to place prisoners, they do not vest placement authority in this Court. 18 U.S.C. § 3624(c)(2); 18 U.S.C. § 3621(b); *see United States v. McGimsey*, No. 3:11-CR-00069-TBR, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (statutory language of § 3624(c)(2) as amended by the First Step Act "makes clear that the BOP's authority to release a prisoner to home confinement is discretionary"); *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) (BOP, not the courts, decides whether home detention is appropriate). Absent a court's modification to a sentence under § 3582(c), "discretion to release a prisoner to home confinement lies solely with the Attorney General [and BOP by delegation]." *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (collecting authority); *see United States v. Lowe*, 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 19, 2019) (noting that, at most, the court could only compel BOP to consider whether a prisoner should be placed on home confinement).

*United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019).

The Court should therefore deny Teer's habeas petition to the extent that he requests that the Court "place [him] on home confinement."

The Court should also deny the petition to the extent that Teer asserts, without factual support, that the BOP has denied him due process in adjudicating his request for release to home confinement.

"[M]ere conclusory allegations do not raise constitutional issues in habeas proceedings." *E.g., Burris v. Director, TDCJ-CID*, No. 6:15cv1130, 2017 WL 7108081, at *3 (E.D. Tex. Oct. 11, 2018) (citing *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); citation omitted), *rec. adopted*, 2019 WL 291983 (E.D. Tex. Jan. 23, 2019); *see also Taylor v. Maggio*, 581 F. Supp. 359, 363 (E.D. La. 1984) ("In order to avoid summary dismissal the petition must set out specific, substantive facts that enable the

Court to determine that there is a real possibility that constitutional error has been committed." (citation omitted)).

Further, "[t]o establish a due process violation, a prisoner must show that he was deprived of a liberty interest protected by the Constitution or other law," *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). And "the law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another." *Lee v.* English, No. 19-3029-JWL, 2019 WL 3891147, at *9 (D. Kan. Aug. 19, 2019) (collecting cases). This includes confinement at a residential reentry center ("RRC") – a halfway house – or at home. *See, e.g., Carey v. Quintana*, No. 5:19-30-JMH, 2019 WL 1233846, at *2 (E.D. Ky. Mar. 15, 2019) ("'RRC placement and home confinement are helpful resources for readjustment to society, but a prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement.'" (quoting *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016))).

"The statutory provisions addressing home confinement instead require the BOP to consider the possibility of home incarceration only 'to the extent practicable.' *See* 18 U.S.C. § 3624(c)(1). And, ultimately, the decision is 'discretionary and will be determined on an individual basis according to the factors in 18 U.S.C. § 3621(b).'" *Id.*; *see also Beaird v. Brown*, No. 3:07-cv-2077-B, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) (Even after its amendment by the First Step Act, "[t]here is no mandatory language in [Section 3624(c)] that requires prison authorities to allow prisoners to

serve part of their sentence on home confinement. ... There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment." (citation omitted)); *id.* at *3 n.2 (observing that BOP Program Statement 7320.01 – also cited by Teer to show a due process violation – "merely establishes procedures and eligibility requirements for the referral and placement of pre-release inmates in home confinement programs" and that "[n]othing in the policy statement mandates prison authorities to transfer an inmate to home confinement"); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* [and BOP by delegation] the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief." (emphasis in original)).

## Recommendation

The Court should deny Petitioner Michael Allen Teer's habeas petition with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 1, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE